**JOSEPH YUTZY, Plaintiff/Respondent**

**v.**

**SUPER MAX CONVENIENCE STORE, MOHAMMAD SALEM,**
**Defendant/Petitioner**

Case No. ST-10-SM-598

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

February 13, 2012

▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

JOSEPH YUTZY, St. Thomas, USVI, *Plaintiff/Respondent Pro se.*

MOHAMMAD SALEM, St. Thomas, USVI, *Defendant/Petitioner Pro se.*

CARROLL, *Judge*

## MEMORANDUM OPINION

(February 13, 2012)

## I. INTRODUCTION

Before the Court is the appeal filed on February 15, 2011[1] of the Judgment of the Magistrate dated February 15, 2011, which ruled in favor of the Plaintiff/Respondent Joseph Yutzy and against Petitioner Mohammad Salem, owner of Super Max Convenience Store.[2] Upon consideration of the record, the parties' pleadings, and the applicable law, the Court concludes that the Magistrate's Judgment will be affirmed.

## II. BACKGROUND

On November 8, 2010, Respondent Joseph Yutzy brought a debt action against Petitioner Super Max Convenience Store. In his complaint, Yutzy

---

[1] In accordance with Superior Court Rule 322.1(b). Petitioner's notice of appeal is considered a petition for review in this matter.

[2] On February 15, 2011, the Magistrate issued a judgment against Mohammad Salem. The Court recognizes that the judgment was intended against Mohammad Salem in his official capacity as owner of Super Max Convenience Store. *See* V.I. CODE ANN. tit. 4 § 112(d) (1997).

alleges that on August 3, 2010, Mohammad Salem, owner of Super Max, hired him to operate and manage Super Max during his leave from the Territory. Based on the parties' oral agreement, Yutzy worked from August 3 to August 25, 2010. Upon Salem's return to the store, Yutzy demanded that the wages for the time he worked in the store be based on the Virgin Islands' minimum wage law. Salem allegedly refused to pay the amount requested and instead gave Yutzy $425.00 for the work week with a promise to pay more in the future. After several demands for payment, Yutzy filed a complaint in this matter on November 8, 2010.

On February 9, 2011, this matter came on for a hearing[3] before the Magistrate. After hearing sworn testimony and admitting evidence, the Magistrate entered a judgment against Super Max. The Magistrate found that Yutzy and Salem had entered into an oral agreement. Under the agreement, Yutzy would work as manager of Super Max during Salem's absence from the Territory and, in return, Salem would pay him for time worked.

The Magistrate concluded that since no terms were agreed upon by the parties regarding Yutzy's pay, his wage rate would be set at $7.25 per hour, which is in accordance with the Virgin Islands Minimum Wage Statute.[4] The Magistrate then concluded that Super Max failed to produce employment records of Yutzy's work hours, and the store operating hours during the time at issue.[5] In light of Super Max's missing records, Yutzy's records of hours worked were used in the compensation calculation.[6] The Magistrate also held that Salem's evidence, a receipt showing monetary amounts paid to Yutzy, was not credible given the prior testimony of the parties and the appearance that Yutzy's signature had been forged on the document.[7] Given these facts, the Magistrate finally concluded that Salem failed to compensate Yutzy for 144 hours of regular pay and 90 hours of overtime pay, for which Yutzy should have received $7.25 hour or a total of $2,022.75.[8]

---

[3] At the February 9, 2011 hearing, Yutzy appeared *pro se* and Super Max appeared through its owner Mohammad Salem. *See* V.I. CODE ANN. tit. 4 § 112(d) (1997).

[4] Small Claims Hr'g. Tr. at 50 (Feb. 15, 2011).

[5] *Id.* at 47, and 52.

[6] *Id.* at 53.

[7] *Id.* at 8-9, 47, and 58.

[8] Small Claims Hr'g. Tr. 56 (Feb. 15, 2011).

The Magistrate further held that since Salem paid Yutzy a partial amount for work performed, a deduction of $425.00 from the total compensation amount was warranted.[9] Additional deductions based on Salem's testimony that he gave in-store loans to Yutzy were not allowed since there was no credible evidence to support such a claim.[10] Given these facts, the Magistrate awarded Yutzy damages in the amount of $1,597.75 and $75.00 in court costs. On February 15, 2010, the Magistrate issued a judgment memorializing his decision. On April 13, 2011, Salem filed a letter requesting review of this matter which the Court construed as a notice of appeal.

## III. DISCUSSION

### A. The Magistrate's Finding of Facts Were Not Clearly Erroneous Regarding the Existence of an Employment Contract Between the Parties.

■ Under Virgin Islands law, a contract is formed when there is an offer, acceptance, and consideration by the parties.[11] A valid contract may be express, implied in fact or implied by law.[12] An express contract is one that is expressly stated by the parties in oral or written form.[13] Even an oral agreement where an employer hires an employee for a limited time is an enforceable contract.[14]

■ In this case, the Magistrate found that Yutzy and Super Max had a valid oral employment contract. According to the parties' testimony, Salem made a job offer to Yutzy to work at Super Max from August 3 to August 25, 2010.[15] Yutzy accepted and was hired as store manager during Salem's absence from the store.[16] Under the contract, Salem would pay Yutzy for time worked in Super Max. Given these facts, the Magistrate's

---

[9] Id. at 53.

[10] Id. at 58.

[11] See Terrace v. Williams, 52 V.I. 225, 241 (2007).

[12] Id.

[13] Id.

[14] See Tweed v. Metro Motors, SC, Inc., No. 04-0142, 2008 U.S. Dist. LEXIS 107542, at *25 (D.V.I. Feb. 26, 2008).

[15] Small Claims Hr'g. Tr. at 4, 27, and 28 (Feb. 15, 2011).

[16] Id. at 4 and 28.

findings were proper that an employment contract was formed between Super Max and Yutzy.

### B. The Magistrate's Conclusions of Law, Based on the Virgin Islands Fair Labor Act, Were Not Erroneous.

The Magistrate's conclusions were based on the correct legal standard — the Virgin Islands Fair Labor Standards Act.[17] In this case, Yutzy seeks compensation for hours he worked as store manager for Super Max. Under the Act, employers are required to pay an employee the minimum wage rate, unless an exemption applies.[18] The Act further provides that "any employer who willfully pays or agrees to pay wages at a rate less than the rate applicable . . . shall be punished by a fine of not more than $2,500.00 or by imprisonment for not more than 30 days or both."[19]

■ To determine whether Yutzy could maintain an action for debt under the Act, the Magistrate is required to review the employment practices and records of Super Max. However at trial, Super Max failed to produce such records as well as any other evidence to demonstrate its compensation practices for employees. Pursuant to Section 14 of the Act, Super Max is required to keep employment records of all workers, which includes "the rate of pay and the amount paid each pay period to each such employee, the hours worked each day, and each week by such employee."[20] Under Section 4 of the Act, an employee's pay is calculated by multiplying the sum of worked hours by the minimum or higher wage. The Act's purpose is to ensure that each worker receives at least minimum wages for each hour worked and that each employer has evidence of the amounts paid and dates of payment disbursements to employees.

■ Super Max, however, fashioned its own system for calculating Yutzy's pay, which violated the Act. First, Super Max presented no records of Yutzy's start and end times for work from August 3, 2010 to August 25, 2010. Second, Super Max presented no evidence of Yutzy's attendance in the store besides Salem's testimony that he would call the store daily and would speak to Yutzy. Third, Salem's testimony regarding

---

[17] V.I. CODE ANN. tit. 24, § 1-23 (1997).

[18] *Id.* § 4(a).

[19] *Id.* § 16(c).

[20] V.I. CODE ANN. tit. 24, § 14 (1987).

Super Max's normal store hours and Yutzy's instructions on those hours are uncertain. Based on these facts, it appears that Super Max used an estimation to calculate the number of hours Yutzy worked. However, estimating hours worked by an employee is a violation of Section 14 of the Act, which requires employers to maintain accurate attendance records.[21] Therefore, Super Max has failed to meet the reporting requirements of the Fair Labor Standards Act.

■ When an employer fails to keep employment records, an employee may introduce evidence to support a reasonable inference of hours worked.[22] "Once an employee establishes that the employer's records are inadequate, the employee need only introduce enough evidence to support a reasonable inference of hours worked. The burden then shifts to the employer to come forward with evidence to negate 'the inference to be drawn from the employee's evidence.' "[23]

■ In this case, Yutzy testified and produced a record of the number of hours he worked at the store. This evidence supports a reasonable inference of hours worked and shifts the burden to Super Max to negate the inference.

In review of the record, Super Max has failed to provide sufficient evidence to nullify the inference of hours worked by Yutzy based upon his testimony. Accordingly, the Court finds that the Magistrate's decision that Super Max must pay Yutzy the minimum hourly wage for hours he worked from August 3, 2010 to August 25, 2010 is proper and that the Magistrate's conclusions of law based on the Virgin Islands Fair Labor Standards Act were not erroneous.

## IV. CONCLUSION

The Magistrate's ruling is affirmed since (1) there is sufficient evidence that Yutzy and Super Max formed an employment contract; (2) the Virgin Islands Fair Labor Standards Act and the Minimum Wage Statutes are the applicable laws governing this matter; (3) Super Max has failed to present evidence of Yutzy's worked hours from August 3, 2010 to August 25,

---

[21] *See id.*

[22] *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 128 (1984).

[23] *Id.* (*quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946)).

2010, and (4) Super Max has failed to present evidence of minimum wages being paid to Yutzy for the period. Given these factors, the Magistrate award of damages to Yutzy in the amount of $1,597.75 and $40.00 in court costs is proper.[24]

---

[24] Yutzy is entitled to post-judgment interest at the rate of 4% per annum on the entire judgment until the date that it is satisfied. *See* V.I. CODE ANN. tit. 5, § 426 (1997).